# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

VAN IRION,

Plaintiff,

v.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
TENNESSEE, and
TENNESSEE BOARD OF
PROFESSIONAL RESPONSIBILITY,

Defendants.

Case No. 2:24-cv- XXXX
JURY DEMANDED.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now the plaintiff Van R. Irion, by and through undersign counsel and bring this complaint for declaratory and injunctive relief against the defendants United States District Court for the Eastern District of Tennessee and the Tennessee Board of Professional Responsibility, and in support thereof states as follows:

### Parties.

1.      Plaintiff Van R. Irion is an individual, an attorney licensed to practice law by the Tennessee Supreme Court, and a Tennessee citizen, with a primary residence in Knox County, TN.

2.      Mr. Irion has been practicing law in the State of Tennessee since 2005.

3.      Mr. Irion has been admitted to practice law before the United States District Court for the Eastern District of Tennessee, the Middle District of Tennessee, the 6th Circuit Court of Appeals, the U.S. Supreme Court, and the U.S. Patent and Trademark Office.

1

4.   Mr. Irion has also practiced pro hac vice before the District of Arizona, the Northern District of Texas, and the State of Georgia Superior Court.

5.   Mr. Irion has also practiced law pro se in the U.S. District Court for the Northern District of California and the State of California Circuit Court.

6.   Article III of the U.S. Constitution established the judicial branch as one of three separate and distinct branches of the federal government and Defendant United States District Court for the Eastern District of Tennessee (hereinafter " E.D. Tenn.") is one of three Districts of Tennessee.  The current Chief Judge of E.D. Tenn. is Judge Travis McDonough who is located in the Chattanooga Division of the E.D. Tenn.

7.   The Supreme Court prescribes rules of civil procedure for the district courts pursuant to section 2072 of Titel 28, United States Code, as enacted by Title IV "Rules Enabling Act" of Pub. L. 100-702.  Rule 83 of the Federal Rules of Civil Procedure (FRCP) allows District Courts to make Local Rules after giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice.  A local rule must be consistent with – but not duplicate- federal statues and rules adopted under 28 U.S.C. §§ 2072 and 2075.  FRCP Rule 83(a).

8.   In 1976, the Tennessee Supreme Court created the Defendant Tennessee Board of Professional Responsibility (hereinafter "TNBPR"), and its members are appointed by the Tennessee Supreme Court.  TNBPR supervises the ethical conduct of attorneys and investigates attorneys' alleged violations of the Rules of Professional Conduct.  The board is comprised of nine lawyers and three non-lawyers, and the members are appointed by the Supreme Court.  An administrator and staff serve the board.  www.tbpr.org.  The Tennessee Rules of Professional

2

Conduct are in Rule 8 of the Rules of the Tennessee Supreme Court . TNBPR publishes the rules and Preamble and Scope on their website.

**Jurisdiction and Venue.**

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action raises questions of Federal Law.

10.     Remedies are provided by 28 U.S.C. §2201, the Federal Declaratory Judgment Act.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant TNBPR has a primary place of business located in Nashville, TN.

12.     Alternatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A) because this is a civil action in which Defendant TNED is an agency of the United States, and Defendant TNBPR has a primary place of business in this District.

**Case of Actual Controversy.**

13.     28 U.S.C. §2201, the Federal Declaratory Judgment Act creates a remedy under specified circumstances. One requirement of said statute is that the complaint requesting declaratory relief establishes "a case of actual controversy." In the instant lawsuit a case of actual controversy is presented, as described below.

14.     Briefly, Chief District Judge Travis McDonough of TNED filed an order to show cause, initiating a disciplinary action against attorney Plaintiff Irion. Irion believes that said disciplinary matter was filed by Judge McDonough in retaliation against Irion. However, Judge McDonough's motives are not at issue in this lawsuit.

15.     Instead, Irion challenges the constitutionality of TNED's Local Rules, as applied during said ongoing disciplinary proceeding through several of TNEDs procedural actions in same. Specifically, Irion requests declaratory relief from this Court pursuant to 28 U.S.C. §2201,

3

declaring that Judge McDonough's application of TNED's Local Rules, as applied by Judge McDonough against Irion, are unconstitutional as applied.

16.      Irion also does assert herein that two subsections of TNED's Local Rules are so vague as to be facially unconstitutional.

17.      Prior to Judge McDonough being named Chief District judge, the Local Rules of The United States Court for the Eastern District of Tennessee (Effective: December 1, 2009, Revised: June 13, 2016), LR 83.6 Rules of Professional Conduct stated;

> The Rules of Professional Conduct adopted by the Supreme Court of Tennessee are hereby adopted as rules of professional conduct insofar as they relate to matters within the jurisdiction of this Court.

    TNED LR83.6 Rules of Professional Conduct (2016). Exhibit

18.      Today the Revised Rules have LR 83.6 stating the following
> The minimum standards of professional conduct before this Court include the Rules of Professional Conduct adopted by the Supreme Court of Tennessee insofar as they relate to matters within the jurisdiction of this Court. Such rules are not exclusive of the ethical standards the Court expects attorneys to meet. The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies.

TNED LR 83.6 (Effective: December 1, 2009, Revised: October _ , 2024)

19.      TNED's LR 83.7 Attorney Discipline reads as the following;

> (a) Conduct Subject to Discipline. The Court may impose discipline on any member of its bar who has violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee or has engaged in unethical conduct tending to bring the Court or the bar into disrepute. The Court may also discipline any member who has been suspended or disbarred from the practice of law by the state in which he or she is a member, or by any court of record. Discipline which may be imposed includes disbarment, suspension, reprimand, or such other further disciplinary action as the Court may deem appropriate and just. Nothing in this rule shall be construed as limiting in any way the exercise by the Court of its inherent contempt power or its authority to impose other sanctions provided under federal law and the Federal Rules of Civil or Criminal Procedure.

TNED LR 83.7(a).

4

20.     Irion has already asserted several times to TNED in his disciplinary matter that having the accusing judge and fact witness simultaneously serve as presiding judge is a denial of Irion's due process rights. "A fair trial in a fair tribunal is a basic requirement of due process." *Withrow v. Larkin*, 421 U.S. 35, 58 (1975), *quoting In re Murchison*, 349 U.S. 133, 136 (1955).

21.     In response TNED's Judge McDonough has consistently asserted that Irion has received notice of the allegations against him and that Irion has had an opportunity to be heard, implying that these two elements alone completely fulfill all requirements of Irion's due process rights, and ignoring the fair tribunal element. Specifically, Judge McDonough states:

> "Providing an attorney with the opportunity to respond to the allegations against him and an opportunity to be heard satisfies the requirements of due process in disciplinary proceedings." (R.24 at PageID#210, case 1:24-dm-007).

22.     Notice and an opportunity to be heard do not fulfill all basic due process requirements where the accuser and fact witness is also the presiding judge. Under such circumstances Irion is being denied his due process right to an unbiased and fair tribunal. Being noticed and heard where the fact accuser is making all factual determinations, clearly denies the accused of an unbiased and fair tribunal.

23.     Because said underlying disciplinary matter is ongoing, and because Judge McDonough continues to apply TNED's Local Rules in a manner that arguably denies Plaintiff Irion his right to a fair and unbiased tribunal, this Court's determination regarding the constitutionality of TNED's Local Rules as applied in the underlying disciplinary matter would conclusively resolve an actual controversy.

### TNBPR is a Necessary Party Pursuant to Federal Rule of Civil Procedure 19.

24.     Federal Rule of Civil Procedure 19(a) states in relevant part: "(a) Persons Required to Be Joined if Feasible. (1) *Required Party*. A person who is subject to

5

service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

25.      Upon information at belief, joinder of the TNBPR will not deprive this Court of subject –matter jurisdiction because subject-matter jurisdiction in this case is based upon 28 U.S.C. § 1331 because this action raises questions of Federal Law. Specifically, this action challenges the constitutionality of TNED's Local Rules regarding disciplinary matters.

26.      Upon information and belief, the TNBPR has a legal interest and a legal duty to prevent Tennessee attorneys from being wrongly accused and disciplined by a non-State of Tennessee agency.

27.      Upon information and belief, TNBPR has a legal interest and a legal duty to protect Tennessee attorneys from being subjected to unconstitutional disciplinary proceedings by a non-State of Tennessee agency.

28.      Upon information and belief, the TNBPR allows TNED, a non-State of Tennessee agency, to make factual determinations and legal conclusions regarding attorney discipline.

29.     Upon information and belief, the TNBPR's adopts and acts upon the factual conclusions and legal findings of non-State entity TNED in disciplining Tennessee attorneys.

30.     Upon information and belief, the TNBPR does not always perform its own investigations or hold its own disciplinary hearings after TNED has submitted factual conclusions and legal findings to TNBPR.

31.     Upon information and belief, the TNBPR does not always provide de novo review of factual conclusions and legal findings submitted to it by TNED.

32.     In the instant matter, absent TNBPR's joinder this Court cannot accord complete relief among the existing parties because TNBPR routinely disciplines Tennessee attorneys based upon factual findings and legal conclusions entered by TNED following its disciplinary proceedings.

33.     Also, in the instant matter, absent TNBPR's joinder this Court cannot accord complete relief among the existing parties because TNBPR has a legal interest in and a legal duty to prevent Tennessee attorneys from being wrongly accused and disciplined by a non-State of Tennessee agency, such as TNED.

34.     Also, in the instant matter, absent TNBPR's joinder this Court cannot accord complete relief among the existing parties because TNBPR has a legal interest in and a legal duty to protect Tennessee attorneys from being subjected to unconstitutional disciplinary proceedings by a non-State of Tennessee agency, such as TNED.

35.     Also, because TNBPR has a legal interest and a legal duty to prevent Tennessee attorney's from being wrongly accused and disciplined by a non-State of Tennessee agency, and TNBPR has a legal interest and a legal duty to protect

Tennessee attorney's from being subjected to unconstitutional disciplinary proceedings by a non-State of Tennessee agency, TNBPR is required by law to claim an interest relating to the subject of this action and is so situated that disposing of the action in the absence of TNBPR may: (i) as a practical matter impair or impede the TNBPR's ability to protect said interests.

36.    Also, because TNBPR has a legal interest and a legal duty to prevent Tennessee attorney's from being wrongly accused and disciplined by a non-State of Tennessee agency, and TNBPR has a legal interest and a legal duty to protect Tennessee attorney's from being subjected to unconstitutional disciplinary proceedings by a non-State of Tennessee agency, failure to join the TNBPR would leave Irion subject to a substantial risk of incurring inconsistent obligations to the TNBPR and TNED.

37.    Finally, because TNBPR is granted authority by the State of Tennessee to ensure compliance with the Tennessee Rules of Professional Conduct, and because TNBPR adopts factual and legal findings from TNED, a non-State agency, said action amounts to an unconstitutional delegation of governmental authority.

38.    Therefore, TNBPR is a necessary Defendant to this declaratory action because the Plaintiff requests, among other declarations, that this Court find that TNBPR's routine procedure of adopting the legal findings of TNED and other non-state agencies is an unconstitutional delegation of governmental authority, and that TNBPR's failure to provide de novo review of factual findings and legal conclusions is also an unconstitutional delegation of governmental authority.  Failing to add TNBPR as a Defendant in this action would leave Irion subject to a substantial risk of incurring

8

inconsistent obligations because of the interest of the TNBPR in enforcing

Tennessee's Rules of Professional Conduct.

### Facts and Allegations Underlying Disciplinary Matter

39.     The specific factual allegations entered by Presiding Judge McDonough can be found in

E.D.Tenn case#1:24-DM-007. For context, the relevant allegations if Chief District Judge

McDonough against Irion are summarized as follows: Judge McDonough accuses attorney Irion

of misrepresenting a material fact in filing a declaration of his client in a lawsuit that ended

approximately two years before Judge McDonough entered his Order to Show Cause (hereinafter

"OSC"). A review of the record proves beyond doubt that the alleged misrepresentation of fact

was found to be completely irrelevant to the lawsuit at issue, according to an order drafted,

signed, and entered by Judge McDonough in said matter.

40.     Judge McDonough's OSC also accuses Irion of relying upon the certification of a private

process server and filing said proof of service form, where said proof of service form had a Bates

stamp that, according to McDonough, did not reflect the correct summons issued by the Court.

Said form proof of service was issued in the same ECF entry as several other otherwise identical

proof of service forms. Irion reasonably relied upon the affidavit of his agent, the process server.

Judge McDonough has since entered an order admitting that TNED's ECF system routinely

changes Bates stamps weeks and years after a given document has been filed. (R.24, case 1:24-

dn-007 at PageID#207)("The ECF system, as a matter of course, updates these footers [Bates

stamps] well after documents are filed."). Therefore, even if attorney Irion had verified that the

form indicated the correct Bates stamp number, that Bates stamp likely would have been

"updated" "as a matter of course" at a later date, without notice to Irion, making any such review

meaningless.

41.     Finally, McDonough's OSC also accuses Irion of assisting a former client to prepare a document after withdrawing from said lawsuit, thereby "perpetrating a fraud on the Court." This accusation is grounded completely upon Judge McDonough's sua sponte speculation, based upon his non-expert opinion of writing styles, and in face of the fact that Irion's client had received thousands of pages of Irion's writings in similar motions over at least the five years prior to Irion's client filing said document.

42.     This summary is offered primarily for context because Irion and other attorneys have a right to fair and unbiased due process, regardless of the allegations against them, and regardless of the truth or falseness of those allegations.

## Allegations of Relevant Law.

43.     28 U.S.C. §§2071(a)-(b) Authorizes district courts to create local rules. Subsection (a) states: "(a) The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title."

44.     28 U.S.C. §2072(b) states: "Such rules shall not abridge, enlarge, or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

45.     28 U.S.C. §§2071(b)-(d) prescribe specific public notice and comment requirements to be completed before any Local Rule goes into effect. These subsections also require review and approval of new Local Rules by the Judicial Council of the relevant circuit, and that copies of said Rules be provided to the Director of the Administrative Office of the United States Courts.

46.     28 U.S.C. §§2071(f) states: "No rule may be prescribed by a district court other than under this section."

47.     A complete and current copy of the Local Rules adopted by TNED are attached hereto as an exhibit.

48.     TNED Local Rule 83.7(b), Attorney Discipline, states in relevant part: "(b) **Initiation of Disciplinary Proceedings**. Formal disciplinary proceedings shall be initiated by the issuance of an order to show cause signed by the Chief Judge. An order to show cause may be issued by the Chief Judge on his or her own initiative or upon a complaint filed by any counsel of record or party to an action in this Court. When such order is issued on the Court's initiative, no separate complaint need be filed. All complaints relating to disciplinary matters under this rule shall be filed under seal with the Clerk. All records pertaining to attorney disciplinary proceedings, except with respect to reinstatement proceedings, shall be confidential and kept under seal in the Clerk's Office unless otherwise ordered by the Court. All complaints of attorney misconduct shall include: (1) The name, address, and telephone number of the complainant; (2) The specific facts that require discipline, including the date, place and nature of the alleged misconduct, and the names of all persons and witnesses involved; (3) Copies of all available documents or other evidence that support the factual allegations, including a copy of any rule or order of the Court that is alleged to have been violated; and (4) At the end of the complaint, a statement signed by the complainant under penalty of perjury that the complainant has read the complaint and the factual allegations contained therein are correct to the best of the complainant's knowledge." (**Emphasis in original**).

11

49.     TNED Local Rule 83.7(c) (Attorney Discipline) states in relevant part: "**Initial Action on the Complaint**. Upon filing, the complaint shall be sent to the Chief Judge for initial review. (1) If the Chief Judge determines that the complaint on its face or after investigation is without merit or does not warrant action by the Court, the complaint shall be dismissed by order of the Chief Judge. (2) If following review, it is determined that reasonable grounds exist for further investigation, the Chief Judge may order such investigation or may issue an order to show cause if the complaint appears to be meritorious. A copy of the order to show cause, the complaint, and accompanying documents shall be served on the member who is the subject of the complaint. The member shall also receive a copy of this rule and a written statement that the member shall have 21 days from the date of entry of the order to show cause in which to respond. (3) Alternatively, the Chief Judge may refer the matter to a state disciplinary board for such action as it determines is appropriate. (4) Once a disciplinary action is initiated and while such action is pending, no certificate of good standing shall be issued to the attorney until the matter is resolved. (5) In exceptional circumstances and upon receipt of sufficient evidence demonstrating that an attorney poses a substantial threat of serious harm to the public or the administration of justice, the Chief Judge may place the attorney on interim suspension or impose other restrictions on the attorney's rights to practice in this Court pending a final determination in any proceeding under this Rule." (**Emphasis in original**).

50.     TNED Local Rule 83.7(f) States: "**Summary Dismissal**. If the response discloses that the complaint is without merit, it may be dismissed by the Chief Judge." (**Emphasis in original**).

51.     TNED Local Rule 83.7(h) States: "**Judicial Officer**. Upon filing of the response, the Chief Judge may appoint a judge or other judicial officer from within the Eastern District of Tennessee to investigate the allegations of the complaint and the response. The judicial officer

shall review all sealed documents related to the disciplinary charges, conduct hearings if

necessary, and issue a written recommendation." (**Emphasis in original**).

52.     TNED Local Rule 3.2(b) states: "**Sequence**. All initial papers in cases shall be first filed

in the office of the Clerk who shall stamp on the complaint, petition, or other initial paper of each

case so filed, the number of the case and the names of the district judge and magistrate judge to

whom it is assigned. The numbering and assignment of each case shall be completed before

processing of the next case is commenced." (**Emphasis in original**).

53.     TNED Local Rule 3.2(c) states: "**Procedure**. The Clerk shall use automated or manual

means to assign new cases to district judges at random in accordance with administrative orders

issued by the Court from time to time. The Clerk shall mark the name of the assigned district

judge on the first document of the case and preserve a record of such assignments." (**Emphasis

in original**).

54.     TNED Local Rule 3.2(d) states: "**Exceptions**. (1) <u>Refilings</u>. If a case is dismissed or

remanded to state court and later refiled, either in the same or similar form, upon refiling it shall

be assigned or transferred to the district judge and magistrate judge to whom it was originally

assigned. … (3) <u>Related civil cases</u>. Civil cases related to cases already assigned to a district

judge shall be assigned or transferred as set out below. A. <u>Definition</u>. Civil cases are deemed

related when a filed case (1) relates to property involved in an earlier numbered case, or (2)

arises out of the same transaction or occurrence and involves one or more of the same parties as

an earlier numbered case, or (3) involves the validity or infringement of a patent already at issue

in any earlier numbered case. B. <u>Determination</u>. When it appears to the Clerk that a civil case

submitted for filing may be related to a previously filed case, the submitted case shall be referred

to the magistrate judge assigned to the previously filed case to determine whether or not the

cases are related. If the magistrate judge determines the cases are related, the magistrate judge will enter an order directing the Clerk to assign the submitted case to the district judge and magistrate judge assigned to the previously filed case. If cases are found to be related cases after assignment to different judges, they may be reassigned by the Chief Judge to the judge having the related case earliest filed." (**Emphasis in original**).

55.     The LR 83.7 Attorney Discipline

     (a) Conduct Subject to Discipline.  The Court may impose discipline on any member of its bar who has violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee.  The Court may also discipline any member who has been suspended or disbarred from the practice of law by the state in which he or she is a member, or by any court of record. Discipline which may be imposed includes disbarment, suspension, reprimand, or such other further disciplinary action as the Court may deem appropriate and just. Nothing in this rule shall be construed as limiting in any way the exercise by the Court of its inherent contempt power or its authority to impose other sanctions provided under federal law and the Federal Rules of Civil or Criminal Procedure.

TNED LR 83.7(a).

### **Procedural Actions Taken By TNED Relevant to this Declaratory Action.**

**a.  Simultaneously Acting as Accuser, Fact Witness, Expert Witness, and Presiding Judge.**

56.     First, the initiating OSC was drafted and entered sua sponte by Chief District Judge Travis McDonough. The OSC is written in such a way as to make clear that the factual allegations are being made by Judge McDonough personally, and only by Judge McDonough. While this alone is allowed by the rules and does not, by itself, present a constitutional due process issue, Judge McDonough then also appointed himself as Presiding Judge over the disciplinary proceedings. This leaves Judge McDonough acting as accuser, fact witness, expert witness, and presiding judge in said disciplinary matter.

57.     In the OSC at issue the only person asserting factual allegations against attorney Irion is Chief District Judge Travis McDonough, making said allegations sua sponte.

58. No independent complaint, as that term is used in TNED's Local Rules, was made by any third party or attorney.

59. Judge McDonough has refused to recuse himself or assign a different judge to preside over said disciplinary matter. (R.24, 1:24-dm-007, at PageID#209-210).

60. Upon information and belief, when a disciplinary matter in TNED is drafted and filed sua sponte by the Chief District Judge pursuant to Local Rule 83.7(b), without a complaint being filed by a third party, TNED routinely assigns a judge other than said Chief District Judge to preside over said disciplinary matter.

61. Upon information and belief, when a disciplinary matter in TNED is drafted and filed sua sponte by the Chief District Judge pursuant to Local Rule 83.7(b) and consists solely of factual allegations personally made by said Chief District Judge, TNED routinely assigns a judge other than said Chief District Judge to preside over said disciplinary matter.

62. Irion is not aware of TNED ever assigning a presiding judge over a disciplinary matter where said presiding judge was the accuser, and a fact witness in said matter, prior to Irion's disciplinary matter.

63. Upon information and belief, TNED has never assigned a presiding judge over a disciplinary matter where said presiding judge was the accuser, and a fact witness in said matter, prior to Irion's disciplinary matter.

**b. Assigning Himself as Presiding Judge Non-Randomly, In Violation of TNED's Local Rules.**

64. Chief District Judge McDonough assigned himself non-randomly as Presiding Judge in Irion's disciplinary matter.

65. Judge McDonough's act of assigning himself as presiding judge violates TNED's Local Rule 3.2 requiring random assignment of judges.

66. No exceptions to the non-random assignment of judges, as mandated by TNED's Local Rules are applicable to Irion's disciplinary matter.

67. Nothing in L.R.3.2 nor L.R.83.7 grants authority to assign judges non-randomly under the circumstances presented in Irion's disciplinary matter.

68. None of the exceptions explicitly listed in L.R.3.2(d) are applicable to the circumstances presented in Irion's disciplinary matter.

69. Specifically, Irion's disciplinary matter is not a "Refiling" as that term is defined in L.R.3.2(d)(1).

70. Irion's disciplinary matter is not a "Criminal Proceeding" under any of the specified circumstances as those terms are defined in L.R.(d)(2).

71. Irion's disciplinary matter is not a "Related civil case" as that term is defined in L.R.3.2(d)(3).

72. Regarding L.R.3.2(d)(3), specifically, Irion's disciplinary matter is not an In Rem matter.

73. Irion's disciplinary matter is not an intellectual property matter.

74. The facts asserted against Irion in Irion's disciplinary matter do not arise out of the same transaction or occurrence as any facts alleged in any complaint filed in any previous TNED civil matter.

75. Irion has never been a party to any TNED civil action prior to the underlying disciplinary matter.

76. Nothing in L.R.83.7 authorizes TNED to ignore TNEDs L.C.3.2.

77. L.R. 83.7 does not create any exceptions to TNED's L.R3.2.

78. Chief District Judge McDonough's act of non-randomly assigning himself as presiding judge in Irion's disciplinary matter, is a violation of TNED's L.R.3.2.

79. No law or doctrine authorizes a District Judge to ignore the mandates of a Court's Local Rules at said Judge's discretion or whim.

80. The mandates of Local Rules, once adopted and approved pursuant to 28 U.S.C. §§2071(a)-(b), are not optional or discretionary.

**c. Assigning a Magistrate Judge Non-Randomly, In Violation of TNED's Local Rules.**

81. The plaintiff incorporates the allegations in all the preceding paragraphs as if set forth verbatim here.

82. Chief District Judge McDonough non-randomly assigned Magistrate Judge Steger as the Magistrate Judge in Irion's disciplinary matter.

83. McDonough's act of assigning Magistrate Judge Steger as Magistrate Judge violates TNED's Local Rule 3.2 requiring random assignment of judges.

<u>Denial of Due Process Protections Built Into TNED's L.R.83.7.</u>

84. Judge McDonough's act of assigning himself as presiding judge in Irion's disciplinary matter denies Irion the due process protections built into TNED's disciplinary procedures, as approved by the authorities set forth in 28 U.S.C. §§2071(a)-(b).

85. Specifically, as a procedural due process protection, after a third-party complaint has been filed L.R.83.7(c) requires an initial review by the Chief District Judge, prior to any further action being taken, and if the Chief District Judge finds the complaint to be facially without merit, the complaint shall be dismissed by the Chief District Judge. *See* L.R.83.7(c).

86. Where the Chief District Judge files an OSC sua sponte, the due process protection discussed in the previous paragraph cannot be applied because no Chief District Judge would draft and file a sua sponte complaint simply to read it and determine that the complaint he or she just drafted and entered is facially without merit. For this Reason, L.R.83.7(c)(1) includes in the

17

alternative to a facially meritless complaint review required after filing of a complaint. It states in the alternative: "or after investigation…" *See* L.R.83.7(c)(1).

87.     L.R.83.7(c) goes on at subpart (2) "If following review, it is determined that reasonable grounds exist for further investigation, the Chief Judge may order such investigation or may issue an order to show cause if the complaint appears to be meritorious." L.R.83.7(c)(2).

88.     Local Rule 83.7(c), therefore, establishes alternative due process protection for officers of the court, of an unbiased Chief District Judge making a determination of whether a complaint is meritless on its face, or is meritless after investigation.

89.     As discussed above, where the Chief Judge is the author of the complaint, having the Chief Judge do a facial review for merit is completely illogical, unworkable, and provides no due process protection. Therefore, the only logical reading of this Rule is that, where the Chief Judge is the author of the complaint, an investigation is required BEFORE an OSC is entered.

90.     In Irion's disciplinary action McDonough simply drafted and filed an OSC against Irion, without any independent unbiased review or any investigation. While McDonough appointed a prosecutor to investigate Irion, this was done without any independent review of the merits of McDonough's complaint, or any investigation. This denied Irion the due process protection clearly intended by the procedures set forth by L.R.83.7.

91.     While bare due process may or may not require the protections discussed herein, once Local Rules for disciplinary procedures have been approved and adopted, they are no longer optional or discretionary.

TNED LR83.7 Attorney Discipline:

(a) Conduct Subject to Discipline. The Court may impose discipline on any member of its bar who has violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee or has engaged in unethical conduct tending to bring the Court or the bar into disrepute. The Court may also discipline any member who has been suspended or

18

disbarred from the practice of law by the state in which he or she is a member, or by any court of record. Discipline which may be imposed includes disbarment, suspension, reprimand, or such other further disciplinary action as the Court may deem appropriate and just. Nothing in this rule shall be construed as limiting in any way the exercise by the Court of its inherent contempt power or its authority to impose other sanctions provided under federal law and the Federal Rules of Civil or Criminal Procedure.

## **Unlawful and Unexplained Deletion of the Initial Two Versions of the OSC.**

92.     Next, TNED has twice deleted and replaced the four-page initiating OSC from the Court's ECF Record.

93.     Document number 1 of Irion's disciplinary matter 1:24-dm-007 as displayed on TNED's ECF docket currently BEGINS on PageID#9. PageID#s1-8 are completely missing.

94.     While ECF Docket for document number 1 does contain a docket text note that Document 1 was "replaced on 8/8/2024," no grounds nor explanation of any kind is included in any part of the Court's Record.

95.     No order of expungement has ever been entered into Irion's disciplinary matter, as is required by Federal law prior to any document of record being expunged. The only indication in the Record that discusses the deletion of said initiating OSC is a text note on the ECF docket stating that "Initial document replaced on 8/8/2024".

96.     No grounds or explanation of any kind have ever been offered to explain the deletion of McDonough's initial OSC. PageID#s1-4 are simply missing from the record.

97.     The docket does not include an entry for Document 1 with a line through the entry allowing one to read the lined-through entry. Instead, Document 1 is simply a different document that starts on PageID#9.

98.     The docket entry for Document 1 does not reference any order regarding deletion of said Document.

19

99.     Deleting Federal Court litigation records, without grounds, an order of expungement, or leaving any record of the deleted documents is arguably a violation of Federal statute 18 U.S.C. §1506 & 18 U.S.C. §2071.

100.    Neither Irion nor his attorney have ever seen the first version of the OSC that initiated his disciplinary proceeding. Irion can never know what that initial disciplinary document said, or did not say. Irion will never know why TNED was desperate to not allow Irion to see that first version of the initiating OSC document.

101.    TNED did not leave the expunged document in the record, nor does it reference an order of expungement, as is required by law, nor did it leave the initial docket entry with a line through it leaving said entry legible, as is standard procedure in other courts.

102.    PageID#s 5-8 are also missing from the docket. The four-page initiating OSC on TNED's ECF docket, purportedly Doc.1 on the docket, STARTS on PageID#9. Despite this, McDonough flat denies that a second version of the OSC (PageID#s 5-8) ever existed. (R.24, 1:24-dm-007, at PageID#205, FN5, attached as Exhibit). Yet Irion and his attorney have copies of said deleted OSC. *Compare Id*. at PageID#205, FN5 *with* Exhibit OSC PageID#5-8, filed under seal with this Complaint.

103.    The E.D. Tenn. Electronic Case Filing Rules and Procedures establishes that:

> "Electronic transmission of a document to the Electronic Filing System, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes under the Federal Rules of Civil and Criminal Procedure and the local rules of this Court, and constitutes entry of the document on the docket kept by the Clerk under *Fed. R. Civ. P.* 58 and 79 and *Fed. R. Crim. P.* 49 and 55.
> "Each electronically filed document, as stored by the Court, becomes a part of the Court's official record and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form as required under Section 4 (which is deemed filed as of the date and time stamped on the paper filing), an electronically filed document is deemed filed as of the date and time

stated in the Notice of Electronic Filing generated by the Electronic Filing System."

> -E.D. Tenn. ECF Rules and Procedures at p.9-10.

104. The E.D. Tenn. Electronic Case Filing Rules and Procedures defines Notice of

Electronic Filing as:

> "'Notice of Electronic Filing' means the electronic notice generated by the Electronic Filing System which is e-mailed to participating E-Filers at the time a document is filed with the system. The Notice of Electronic Filing sets forth the time the document is filed, the names of the party and attorney filing the document, the type of document filed, the text of the docket entry describing the document as it will appear on the Court's docket, the name of each recipient of the Notice and an electronic link to the filed document allowing the recipients to retrieve the filed document."

> -E.D. Tenn. ECF Rules and Procedures at p.3.

105. The E.D. Tenn. Electronic Case Filing Rules and Procedures further notes:

> "The system is part of the Next Generation of Case Management/Electronic Case Files ("CM/ECF") application developed for the federal judiciary by the Administrative Office of the United States Courts." *Id*. at FN1.

106. The E.D. Tenn. website regarding ECF states:

> "PageID numbering ("Bates Stamping") has been developed in CM/ECF to provide a unique page number for every page of each document in a case record. The PageID numbers are sequenced in the order in which the documents are filed." It continues, "When documents are deleted from a case record by the Clerk'w Office, the Bates numbers of the remaining documents do not change."

> https://www.tned.uscourts.gov/sites/tned/files/bates_stamping.pdf  Last accessed 12/30/2024.

107. The Sixth Circuit Court of Appeal's Guide to Electronic Filing states,

> "Later modification of a filed document or docket entry is not permitted except as authorized by the Court." Guide to ECF Filing at 9.2.

> https://www.ca6.uscourts.gov/sites/ca6/files/documents/electronic_case_filing/GuideElectronicFiling.pdf  Last accessed 12/30/2024.

108. Federal Law, Regulations, the Eastern District Court's Local Rules, and the

District Court's guides on ECF all conclude that documents, once filed, become a

permanent part of the Court's.

109. Despite E.D.Tenn.'s clear discussion of "Bate's Stamps," Judge McDonough denigrates the importance and permanence of said Court-stamped records by calling them "footers." (R.24 at PageID#207).

110. Judge McDonough's order denying recusal admits that E.D.Tenn.'s "ECF system, as a matter of course, updates these footers well after documents are filed." *Id.*

111. Despite the facts asserted in the preceding paragraphs, Judge McDonough concludes that Irion is not prejudiced by the Court's unilateral and unlawful deletion of the initiating complaint against Irion. *See* R.24 Or. Denying Recusal at PageID#208.

112. Judge McDonough states:

> "Irion does not assert that any substantive changes were made to the show-cause order to his detriment. He simply asserts that the footer was changed, and documents were expunged from the record. This in no way impacts this proceeding or prejudices Irion's ability to present his case to the Court." (R.24, Or. Denying Recusal at PageID#208).

113. It is impossible for a litigant to truthfully assert that a substantive change has been made to a document of Record where said litigant has been denied the right to ever review said document.

114. Because fundamental due process requires, at a minimum, notice of the charges against one, a Court's act of refusing to allow the accused to review the initiating document against the accused is a denial of due process.

115. Where a Court is itself violating its own Local Rules, Rules of Procedure, Regulations of its governing authority, and Congressionally authorized statutes, said Court cannot be trusted to properly enforce or adhere to the Rules of Professional Conduct.

22

116.    Where a Court is, itself, violating its own Local Rules, Rules of Procedure, Regulations of its governing authority, and Congressionally authorized statutes, a reasonable person could believe that said Court is acting with bias.

117.    Where a Chief District Judge's reaction to proof that said Court is violating its own Local Rules, Rules of Procedure, Regulations of its governing authority, and Congressionally authorized statutes, is to assert that the accused rights are "in no way impacted" by said Court's unlawful activity, said Judge cannot be trusted to adhere properly to the Rules of Professional Conduct, and is not qualified to preside over any matter.

118.    Upon information and belief, Chief District Judge McDonough caused PageID#'s1-9 of case# 1:24-DM-007 to be deleted from the Court's Record for unlawful purposes.

119.    Upon information and belief, Chief District Judge McDonough caused PageID#'s1-9 of case# 1:24-DM-007 to be deleted from the Court's Record for the purpose of hiding his retaliation against attorney Irion.

## **Failure to Recuse in Light of Clear Applicable Supreme Court Precedent.**

120.    In disciplinary matter 1:24-dm-007 and related matters in both TNED and other courts plaintiff attorney Irion has made factual allegations against TNED's Chief District Judge Travis McDonough that, if true, could lead to disciplinary proceedings against Judge McDonough.

121.    Said allegations by Irion against Judge McDonough include allegations that could be considered to be violations of Federal Law.

122.    Said allegations against Judge McDonough include allegations that could lead to impeachment of Judge McDonough.

23

123. Judge McDonough, therefore, has a pecuniary interest in the outcome of attorney Irion's disciplinary matter.

**Refusal of TNED to Lift Seal on Disciplinary Matter After Respondent's Motion to Unseal.**

124. On October 28, 2024, plaintiff attorney Irion filed in the disciplinary matter, 1:24-dm-007, against Irion, a motion to unseal said matter. *See* R.13.

125. On November 4, 2024, TNED denied said motion. *See* R.17.

126. The only grounds or discussion included in TNED's denial of said motion to unseal was a simple citation to TNED's Local Rule 83.7, stating that all disciplinary matters will be sealed. *Id*.

127. It is well established that the sole purpose for the rule sealing attorney disciplinary matters prior to resolution of same, is to protect the reputation of the accused attorney. *In Re Moncier*, 550 F.Supp.2d 768, 774 (E.D.Tenn. 2008)("All filings under the rule are under seal to protect the reputation of the attorney."…"**If an accused attorney desires the entire action open to the public, the attorney can waive the confidentiality protection afforded by the local rule and request the Court open the entire proceedings**."); *In Re Schuchardt*, 2020 U.S.App.LEXIS 28040 (6th Cir.2020)("To protect the reputation and interests of an attorney accused of allegedly unethical conduct, all records pertaining to the proceedings have been under seal in the Clerk's Office."); *See also In Re Cowan*, 2009 U.S. Dist. LEXIS 21676 (E.D.Tenn. 2009).

128. It is well established that the rule sealing attorney disciplinary matters prior to resolution of same, is not intended to protect the Court from public scrutiny. *Id*.

129. It is well established that the Court has no legitimate interest in maintaining secrecy of attorney disciplinary matters once the attorney at issue has waived said protection via a motion to unseal. *Id*.

130. Upon information and belief, TNED's sole motive in denying Irion's motion to unseal was to avoid public scrutiny of the way TNED has been operating, as set forth herein.

131. TNED's refusal to unseal disciplinary matter, 1:24-dm-007, is contrary to well-established law. *See In Re Moncier*, 550 F.Supp.2d at 774; *In Re Schuchardt*, 2020 U.S.App.LEXIS 28040; *In Re Cowan*, 2009 U.S. Dist. LEXIS 21676.

132. Under the circumstances set forth herein, TNED's refusal to unseal disciplinary matter, 1:24-dm-007, against Irion, is a violation of Irion's right to free speech as protected by the First Amendment to the U.S. Constitution.

### First Cause of Action
### Declaration that TNED Local Rule 3.2 is Unconstitutional As Applied.

133. The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

134. Plaintiff Irion requests that this Court factually find that:

    a. In Irion's disciplinary action, 1:24-dm-007, TNED has assigned Chief District Judge Travis McDonough as presiding judge non-randomly.

    b. None of the exceptions listed in TNED Local Rule 3.2 are applicable to the circumstances of Irion's disciplinary action, 1:24-dm-007.

    c. TNED asserts that said non-random assignment of Judge McDonough to said disciplinary matter does not violate TNED Local Rule 3.2.

135. Plaintiff Irion requests a declaration from this Court that TNED's non-random assignment of Chief Judge McDonough under the circumstances of disciplinary action 1:24-dm-007 is a violation of TNED's Local Rule 3.2.

136. Additionally or alternatively, Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 3.2, as applied by TNED in disciplinary action 1:24-dm-007, resulting in

25

non-random assignment of Chief District Judge McDonough to said case, is unconstitutional as applied because it amounts to TNED taking action contrary to and beyond the authority it has been granted pursuant to 28 U.S.C. §§2071(a)-(b).

137.    Additionally, or alternatively, Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 3.2, as applied by TNED in disciplinary action 1:24-dm-007, resulting in non-random assignment of Chief District Judge McDonough to said case, is unconstitutional as applied because it denies Irion's due process right to have TNED comply with established law.

138.    Additionally, or alternatively, Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 3.2, as applied by TNED in disciplinary action 1:24-dm-007, resulting in non-random assignment of Chief District Judge McDonough to said case, is unconstitutional as applied because it denies Irion's due process right to a fair and unbiased tribunal.

## Second Cause of Action
## Second Declaration that TNED Local Rule 3.2 is Unconstitutional As Applied.

139.    The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

140.    Plaintiff Irion requests that this Court factually find that:

a.  In Irion's disciplinary action, 1:24-dm-007, TNED has non-randomly assigned Magistrate Judge Steger as Magistrate Judge.

b.  None of the exceptions listed in TNED Local Rule 3.2 are applicable to the circumstances of Irion's disciplinary action, 1:24-dm-007.

c.  TNED asserts that said non-random assignment of Magistrate Judge Steger to said disciplinary matter does not violate TNED Local Rule 3.2.

26

141.    Plaintiff Irion requests a declaration from this Court that TNED's non-random assignment of Magistrate Judge Steger under the circumstances of disciplinary action 1:24-dm-007 is a violation of TNED's Local Rule 3.2.

142.    Additionally or alternatively, Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 3.2, as applied by TNED in disciplinary action 1:24-dm-007, resulting in non-random assignment of Magistrate Judge Steger to said case, is unconstitutional as applied because it amounts to TNED taking action contrary to and beyond the authority it has been granted pursuant to 28 U.S.C. §§2071(a)-(b).

143.    Additionally, or alternatively, Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 3.2, as applied by TNED in disciplinary action 1:24-dm-007, resulting in non-random assignment of Magistrate Judge Steger to said case, is unconstitutional as applied because it denies Irion's due process right to have TNED comply with established law.

144.    Additionally, or alternatively, Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 3.2, as applied by TNED in disciplinary action 1:24-dm-007, resulting in non-random assignment of Magistrate Judge Steger to said case, is unconstitutional as applied because it denies Irion's due process right to a fair and unbiased tribunal.

**<u>Third Cause of Action</u>**
**<u>Declaration that TNED Local Rule 83.7 is Unconstitutionally Vague on its Face.</u>**

145.    The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

146.    Plaintiff Irion requests that this Court factually find that:

     a.    TNED's current Local Rule 83.6 was not properly approved pursuant to the procedures set forth in 28 U.S.C. §§2071(a)-(b).

     b.    TNED Local Rule 83.6 states:

27

"The minimum standards of professional conduct before this Court include the Rules of Professional Conduct adopted by the Supreme Court of Tennessee insofar as they relate to matters within the jurisdiction of this Court. Such rules are not exclusive of the ethical standards the Court expects attorneys to meet. The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies."

c.  The language "Such rules are not exclusive of the ethical standards the Court expects attorneys to meet," is vague and undefined, and lacks sufficient context, limits, and definition to sufficiently put attorneys on notice of the scope and limits of said "standards."

d.  The term "The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies," is vague and undefined, and lacks sufficient context, limits, and definition to sufficiently put attorneys on notice of the scope and limits of said "other rules and standards of conduct."

e.  The term "The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies," assumes authority beyond that granted to TNED by applying standards of conduct to Tennessee attorneys greater than those set forth by the Supreme Court of the State of Tennessee, and the Tennessee Board of Professional Conduct.

f.  The term "The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies," improperly and

unlawfully concludes that the standards of conduct required for Tennessee attorneys by the Supreme Court of the State of Tennessee are insufficient to require proper conduct by said attorneys while practicing before TNED.

g. The term "The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies," implies that the "standards of conduct" required to practice law before TNED are higher and superior to the standards of conduct set forth by the Supreme Court of the State of Tennessee and the Tennessee Board of Professional Responsibility.

h. The term "The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies," violates the concept of Federalism, disrespects the Supreme Court of the State of Tennessee, disrespects the Tennessee Board of Professional Responsibility, and disrespects all Tennessee attorneys.

147.    Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 83.6 is unconstitutionally vague on its face.

148.    Plaintiff Irion requests a declaration from this Court that the phrases "Such rules are not exclusive of the ethical standards the Court expects attorneys to meet," and "The Court has the obligation and responsibility to interpret and apply the RPC and other rules and standards of conduct without being bound by the decision of Tennessee courts, other courts, or agencies," are beyond the authority granted to TNED.

149.   The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

150.   Plaintiff Irion requests that this Court factually find that:

    a.   In Irion's disciplinary action, 1:24-dm-007, TNED Chief District Judge Travis McDonough drafted and entered the OSC initiating said disciplinary action sua sponte.

    b.   In Irion's disciplinary action, 1:24-dm-007, TNED Chief District Judge Travis McDonough is the only individual alleging facts against Irion that could constitute violations of the Tennessee Rules of Professional Conduct.

    c.   In Irion's disciplinary action, 1:24-dm-007, no third party filed a complaint against Irion with TNED.

    d.   In Irion's disciplinary action, 1:24-dm-007, TNED Chief District Judge is acting as Presiding Judge.

    e.   In Irion's disciplinary action, 1:24-dm-007, TNED Chief District Judge is a fact witness.

    f.   In disciplinary action 1:24-dm-007, pursuant to TNED's Local Rule 83.7, the Presiding judge serves as the sole factfinder.

151.   Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 83.7, as applied by TNED in disciplinary action 1:24-dm-007, resulting in Chief Judge McDonough serving as Presiding Judge while being the sole individual alleging facts against Irion that could constitute violations of the Tennessee Rules of Professional Conduct, is unconstitutional as applied because it denies Irion his right to a fair and impartial tribunal.

152.    Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 83.7, as applied by TNED in disciplinary action 1:24-dm-007, resulting in Chief Judge McDonough serving as Presiding Judge while being a fact witness, is unconstitutional as applied because it denies Irion his right to a fair and impartial tribunal.

153.    Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 83.7, as applied by TNED in disciplinary action 1:24-dm-007, resulting in Chief Judge McDonough sua sponte drafting and entering an OSC initiating said action, is unconstitutional as applied because it denies Irion his due process right, as established by TNED's Local Rule 83.7, to have an unbiased Judge review the allegations against Irion prior to an OSC being entered into the Record.

154.    Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 83.7, as applied by TNED in disciplinary action 1:24-dm-007, resulting in Chief Judge McDonough sua sponte drafting and entering an OSC initiating said action, is unconstitutional as applied because it denies Irion his right to have an independent investigation into the factual allegations against Irion prior to an OSC being entered into the Record.

### Fifth Cause of Action
### TNED Local Rule 3.2(d)(3)(B) Unconstitutionally Vague on its Face.

155.    The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

156.    Plaintiff Irion requests that this Court factually find that:

    a.  The language, terms, and context within TNED's Local Rules, as approved pursuant to the procedures set forth in 28 U.S.C. §§2071(a)-(b), include due process protections of parties litigating before TNED, that are established by Statute and Constitution.

31

b. TNED Local Rule 3.2(d)(3)(B) begins with the language, "When it appears to the Clerk that a civil case submitted for filing may be related to a previously filed case, the submitted case shall be referred to the magistrate judge assigned to the previously filed case to determine whether or not the cases are related."

c. The term "When it appears to the Clerk," is vague and undefined, and lacks sufficient context to sufficiently limit unfettered authority of non-attorney Court staff to control judge assignment to civil matters filed with TNED.

d. The term "When it appears to the Clerk," is vague and undefined, and lacks sufficient context to prevent TNED judges from creating secret, unpublished internal operating procedures for the purpose of avoiding due process protections included in TNED's Local Rules.

157. Plaintiff Irion requests a declaration from this Court that TNED's Local Rule 3.2(d)(3)(B) is unconstitutionally vague on its face.

### Sixth Cause of Action
### TNED's Practice of Deleting and/or Altering Court Records.

158. The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

159. Plaintiff Irion requests that this Court factually find that:

a. TNED deleted PageID#1-4 from the Court's ECF docket in the disciplinary action 1:24-dm-007.

b. Between October 4 and October 6, 2024, after its initial deletion of Document 1 in disciplinary action 1:24-dm-007, TNED deleted PageID#5-8 from the Court's ECF docket in the disciplinary action 1:24-dm-007.

32

    c.   No order of expungement regarding PageID#1-8 was entered in disciplinary action 1:24-dm-007.

    d.   TNED documents in disciplinary action 1:24-dm-007, PageID#1-8 constituted the initiating OSCs in disciplinary action 1:24-dm-007.

    e.   Attorney Irion, Respondent in disciplinary action 1:24-dm-007, was prejudiced in his ability to defend himself in said matter by TNED's deletion of PageID#1-8 in said matter.

    f.   TNED has altered Bates stamps in disciplinary action 1:24-dm-007, days and weeks after entry of said documents into the TNED ECF system.

160.   Plaintiff Irion requests a declaration from this Court that TNED's alterations of the docket, including deletions of entire documents, and alterations of Bates stamps after the date of initial entry of documents into the ECF system in disciplinary action 1:24-dm-007, is unlawful.

161.   Plaintiff Irion requests a declaration from this Court that TNED's alterations of the docket, including deletions of entire documents, and alterations of Bates stamps after the date of initial entry of documents into the ECF system in disciplinary action 1:24-dm-007, is a violation of 18 U.S.C. §1506.

162.   Plaintiff Irion requests a declaration from this Court that TNED's alterations of the docket, including deletions of entire documents, and alterations of Bates stamps after the date of initial entry of documents into the ECF system in disciplinary action 1:24-dm-007, is a violation of 18 U.S.C. §2071.

163.   Plaintiff Irion requests a declaration from this Court that TNED's alterations of the docket, including deletions of entire documents, and alterations of Bates stamps after the date of

initial entry of documents into the ECF system in disciplinary action 1:24-dm-007, is a violation of attorney Irion's fundamental right to due process.

**Seventh Cause of Action**
**Failure to Recuse in Light of Clearly Applicable Supreme Court Precedent.**

164.   The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

165.   Plaintiff Irion requests that this Court factually find that:

    a.   In the disciplinary action 1:24-dm-007, and other matters before TNED and other courts, Respondent attorney Irion has personally criticized the performance of Chief District Judge McDonough's regarding McDonough's official duties.

    b.   In the disciplinary action 1:24-dm-007, and other matters before TNED and other courts, the allegations Respondent attorney Irion has made against Chief District Judge McDonough's regarding McDonough's official duties, could lead to discipline of Judge McDonough.

    c.   In the disciplinary action 1:24-dm-007 Chief District Judge McDonough has a pecuniary interest in the outcome of said disciplinary matter.

    d.   In *Withrow v. Larkin* the Supreme Court ruled that:

> "[V]arious situations have been identified in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable. Among these cases are those in which the adjudicator has a pecuniary interest in the outcome and in which he has been the target of personal abuse or criticism from the party before him." *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975).

166.   Plaintiff Irion requests a declaration from this Court that under the factual findings set forth above TNED's failure to recuse Chief District Judge Travis McDonough is a clear violation of the Supreme Court's ruling in *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975).

167. Plaintiff Irion requests a declaration from this Court that under the factual findings set forth above Chief District Judge Travis McDonough is required by law to recuse himself from disciplinary action 1:24-dm-007.

168. Plaintiff Irion requests a declaration from this Court that under the factual findings set forth above, failure of Chief District Judge Travis McDonough to recuse himself from disciplinary action 1:24-dm-007, is a violation of attorney Irion's constitutional right to due process on the part of TNED.

### Eighth Cause of Action
### Violation of Plaintiff Irion's Right to Free Speech

169. The Plaintiff incorporates all preceding paragraphs by reference, as if they were set forth in their entirety here.

170. Plaintiff Irion requests that this Court factually find that:

    a. In the disciplinary action 1:24-dm-007, TNED denied Irion's motion to unseal said disciplinary matter.

    b. In the disciplinary action 1:24-dm-007, accused attorney Irion is the only person with a legitimate interest in maintaining said seal.

    c. In the disciplinary action 1:24-dm-007, TNED's motive in maintaining said seal was, in part, to avoid public scrutiny of TNED's handling of said disciplinary matter.

171. Plaintiff Irion requests a declaration from this Court that under the factual findings set forth above TNED's failure to grant attorney Irion's motion to unseal disciplinary matter 1:24-dm-007, is a violation of plaintiff attorney Irion's right to free speech.

35

172.    Plaintiff Irion requests a declaration from this Court that under the factual findings set forth above TNED is required by well-established law to immediately unseal disciplinary matter 1:24-dm-007.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS the following:**

1. That a summons and a copy of this Complaint be issued and served upon each defendant and that they be required to answer within the time and in the manner provided by the Tennessee Rules of Civil Procedure;

2. That this Court provide an expedited hearing on the matters set forth herein as authorized in the Federal Declaratory Act, 28 U.S.C. §2201;

3. That this Court enter a declaratory judgment finding that the actions of the defendants were illegal and in contravention of plaintiff's rights;

4. That this Court grant the relief requested in this Complaint, including declarations of law and fact as set forth herein;

5. That this Court enter preliminary and permanent injunctive relief, prohibiting the defendants from applying rules found to be unconstitutional by this Court;

6. That this Court immediately enter an order staying E.D.Tenn. disciplinary matter 1:24-DM-007 pending resolution of the issues set forth herein;

7. That this Court award plaintiff all the discretionary cost of this cause, including any filing fees, court costs, and reporter costs, transcripts, and expert fees; and

8. That this Court grants such other relief both special and general to which plaintiffs may prove to be entitled.

Respectfully submitted,

s/Russ Egli
Russ Egli, BPR#24408
The Egli Law Firm
Attorney for the Respondent
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-274-8872
865-304-4125
theeglilawfirm@gmail.com

37