# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **VAN IRION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:25-cv-00001** |
| ) | **Judge Aleta A. Trauger** |
| **UNITED STATES DISTRICT COURT** ) | |
| **FOR THE EASTERN DISTRICT OF** ) | |
| **TENNESSEE, and TENNESSEE BOARD** ) | |
| **OF PROFESSIONAL RESPONSIBILITY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

Before the court is plaintiff Van Irion's Emergency Motion for an Expedited Declaration Regarding Free Speech ("Emergency Motion"). (Doc. No. 29.) Defendant United States District Court for the Eastern District of Tennessee ("District Court") opposes the motion on the basis that it is entitled to absolute sovereign immunity to suit against it in this court. (Doc. No. 34.)

For the reasons set forth herein, the court will dismiss all claims against the District Court for lack of subject matter jurisdiction, based on the District Court's sovereign immunity. The plaintiff's Emergency Motion, which targets only the District Court, will be denied as moot.

## I.      BACKGROUND

Van Irion is a licensed Tennessee attorney residing in Knox County, Tennessee. (1st Am. Compl. ("FAC"), Doc. No. 22 ¶ 1.) In the FAC, Irion names as defendants both the District Court and the Tennessee Board of Professional Responsibility ("TBPR").[1] His claims against the District

---

[1] The TBPR has filed its own Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. No. 28), which the court will address separately.

Court are premised upon a show cause order issued by Chief Judge Travis McDonough of that court, initiating a disciplinary action in that court against Irion. "Irion believes that said disciplinary matter was filed by Judge McDonough in retaliation against Irion." (*Id.* ¶ 14.) In the case before this court, however, Irion does not challenge Judge McDonough's motives. Instead, he "challenges the constitutionality of the [District Court's] Local Rules, as applied during said ongoing disciplinary proceeding." (*Id.* ¶ 15.) Irion seeks judicial declarations from this court that several Local Rules of the United States District Court for the Eastern District of Tennessee are unconstitutional as applied (Counts 1, 2, 4) or unconstitutionally vague on their face (Counts 3, 5), that the District Court's changes to the docket in the disciplinary matter pending in that court against plaintiff Van Irion were unlawful or unconstitutional (Count 6), and that the District Court (through Chief Judge McDonough) violated the plaintiff's rights under the First Amendment by not unsealing the record in his disciplinary case (Count 8).[2]

The FAC asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and that the District Court waived sovereign immunity through 5 U.S.C. § 702. (Doc. No. 22 ¶¶ 8, 9.) Irion seeks relief under 28 U.S.C. § 2201, the federal Declaratory Judgment Act. (*Id.* ¶ 12.)

After filing the FAC, the plaintiff attempted to serve the District Court by leaving a copy of the pleading and summons with a docket clerk for the District Court. (*See* Doc. No. 27.) On April 2, 2025, the Acting U.S. Attorney for the Middle District of Tennessee, without waiving service of process, filed a notice of Special Appearance, stating that the District Court had been made aware of the Complaint but had not been properly served in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. (Doc. No. 31.)

---

[2] Count 7 seeks a declaration that the TBPR's application of Tenn. S. Ct. R. 9 § 25 "in any disciplinary matter" that might be instituted by the TBPR against Irion "would violate attorney Irion's right to due process." (Doc. No. 22 ¶ 210.)

Also on April 2, 2025, the plaintiff filed his Emergency Motion and supporting Memorandum.[3] (Doc. Nos. 29, 29-1.) The basis for the motion is the plaintiff's apparent belief that this court's Order (Doc. No. 7) granting his motion to unseal this case (to which were attached numerous documents from the disciplinary proceeding against Irion), pursuant to which he intends to file in this case other documents from that proceeding, may conflict with the District Court's "continued seal" of the disciplinary proceeding against Irion in that court. (*See* Doc. No. 29-1 at 1, 3.) Invoking Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, Irion's Emergency Motion seeks an order "declaring the continued seal on plaintiff's Eastern District disciplinary matter to be an unconstitutional limitation on free speech with no underlying justification." (Doc. No. 29 at 1.)

The District Court asserts that the plaintiff's Emergency Motion should be denied, first, because the court lacks subject matter jurisdiction over this action against a sister District Court. (Doc. No. 34 at 3.) It raises other alternative arguments, but, because this court lacks subject matter jurisdiction over the claims against the District Court, it does not reach the parties' other arguments or the merits of the Emergency Motion. Instead, all claims against the District Court will be dismissed.

## II.     LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016). In this case, the District Court

---

[3] This court already denied a similar Motion for an Expedited Hearing (Doc. No. 18), filed by the plaintiff prior to service upon or entry of an appearance by the District Court (*see* Doc. No. 20). The motion was denied in part because the plaintiff's motion was "more in the nature of an application for a temporary restraining order or preliminary injunction that in no way complie[d] with Rule 65 of the Federal Rules of Civil Procedure or this court's Local Rule 65.01." (Doc. No. 20 at 1.) The same could be said of the present Emergency Motion.

invokes sovereign immunity, and the Sixth Circuit "treat[s] sovereign immunity as a 'jurisdictional bar' that, 'once raised as a jurisdictional defect, must be decided before the merits.'" *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) (quoting *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015)); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."); *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021) ("A court that lacks subject-matter jurisdiction has no power but to dismiss the case; it may not address the merits."). "'It is axiomatic that absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (quoting *Meyer*, 510 U.S. at 475).

Any waiver of sovereign immunity by the United States "must be express, clear and unequivocal." *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998) (citing *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993)). "Further, the language of any waiver of sovereign immunity is strictly construed in favor of the United States." *Id.* (citing *Markey v. United States*, 27 Fed. Cl. 615, 622 (Fed. Cl. 1993)).

## III.   ANALYSIS

Senior Circuit Judge Julia Gibbons, sitting by designation, has recently considered the jurisdictional basis for a lawsuit against this court and held that sovereign immunity entirely bars suit against a federal district court. *Horwitz v. U.S. Dist. Ct. for the Middle Dist. of Tenn.*, No. 3:24-CV-1180, 2025 WL 90108, at *3 (M.D. Tenn. Jan. 14, 2025). As Judge Gibbons observed in that case, "[c]laims brought against a federal district court, as a part of the judicial branch of the United States government, are brought against the United States." *Id.* (citing *Kight v. U.S. Dist. Ct.*, 681 F. App'x 882, 883 (11th Cir. 2017)). And "[t]he doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, except where sovereign immunity has been waived." *Id.* (citing *Meyer*, 510 U.S. at 475). Thus, Irion's claims against the

District Court here are entirely barred by sovereign immunity unless he can show that waiver applies. *Accord id.* (finding that the plaintiff "ma[de] no attempt to demonstrate that there has been a waiver of sovereign immunity" and dismissing suit against this court as barred by sovereign immunity); *Kight*, 681 F. App'x at 883 (11th Cir. 2017) (dismissing complaint against federal district court because of sovereign immunity); *Jones v. U.S. Dist. Ct.*, 649 F. App'x 132 (3d Cir. 2016) (same); *Ward v. U.S. Dist. Ct.*, No. 14-2707-T-DKV, 2015 WL 137204, at *1 (W.D. Tenn. Jan, 8, 2015) (same).

In the FAC, Irion asserts that this court has jurisdiction under 28 U.S.C. § 1331, but, "[i]n the context of the United States' sovereign immunity, [the Sixth Circuit has] held that § 1331 'is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain.'" *Spurr v. Pope*, 936 F.3d 478, 484 (6th Cir. 2019) (quoting *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993)); *see also Reed*, 146 F.3d at 397–98 ("Section 1331's general grant of federal question jurisdiction, however, 'does not by its own terms waive sovereign immunity and vest in district courts plenary jurisdiction' over claims for money judgments against the United States." (citation omitted)).

Irion also asserts that the District Court waived sovereign immunity through 5 U.S.C. § 702. (Doc. No. 22 ¶ 9.) Section 702 of the Administrative Procedures Act ("APA") indeed waives the United States' sovereign immunity to suit against a federal "agency" under certain circumstances, but the APA expressly defines the term "agency" to *exclude* "the courts of the United States." 5 U.S.C. § 701(b)(1)(B). Accordingly, the APA does not waive the sovereign immunity of the United States district courts. *Accord Kight*, 681 F. App'x at 884 n.4 ("Section 702 . . . provides for certain actions against federal agencies. But 'agency' does not include the courts of the United States." (citations omitted)).

To the extent Irion is claiming that Rule 57 of the Federal Rules of Civil Procedure or the Declaratory Judgment Act authorizes the court to exercise jurisdiction in this case, Rule 57 simply "govern[s] the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201," Fed. R. Civ. P. 57, and the Declaratory Judgment Act "does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citations omitted). Rather, the Declaratory Judgment Act "merely creates a remedy allowing district courts to 'declare the rights and other legal relations' of parties in suits where a district court has jurisdiction, and does not waive immunity or convey jurisdiction where it otherwise does not exist." *Kight*, 681 F. App'x at 884 n.4 (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960), and citing 28 U.S.C. § 2201).

Finally, the fact that the plaintiff asserts violations of constitutional rights protected by the First or Fourth Amendment is of no consequence, because the United States Constitution does not confer jurisdiction in this court to hear the plaintiff's claims. Further, while the Tucker Act waives sovereign immunity for certain types of claims for *money damages* against the United States "founded . . . upon . . . the Constitution," such claims must be brought in the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1). And even then, the Tucker Act does not authorize the Court of Federal Claims to award equitable relief or issue declaratory judgments, except in very limited circumstances not at issue here. *United States v. Mitchell*, 463 U.S. 206, 218 (1983) (citing *United States v. King*, 395 U.S. 1, 4–5 (1969)); *see San Antonio Hous. Auth. v. United States*, 143 Fed. Cl. 425, 448–49 (2019) (identifying the limited circumstances in which the Federal Claims Court may issue equitable relief).

In short, the plaintiff has not identified any circumstances suggesting that the United States has waived immunity to the claims at issue here, meaning that the District Court's sovereign immunity completely bars the claims against it in this case.

## IV. CONCLUSION

For the reasons set forth herein, the United States has sovereign immunity to Irion's claims against it, meaning that this court lacks subject matter jurisdiction. Accordingly, all claims against the District Court will be dismissed without prejudice. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("[O]ur court has stated on several occasions that dismissal for lack of subject matter jurisdiction should normally be without prejudice." (collecting cases)); *accord Brownback v. King*, 592 U.S. 209, 218 (2021) ("Ordinarily, a court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act *ultra vires*.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)). The plaintiff's Emergency Motion, which pertains only to the District Court and not to the TBPR, will be denied as moot.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge